NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

OVERSEAS MOTOR, INC., Respondent.

No. 82–1645.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 4, 1983.
Decided Nov. 23, 1983.

Elliott Moore, Deputy Associate Gen. Counsel, N.L.R.B., Washington, D.C., Susan L. Dolin (argued), Detroit, Mich., for petitioner.

Samuel Demrovsky, Livonia, Mich., Lawrence F. Raniszeski, Colombo & Colombo, Birmingham, Mich., Alvin S. Rappaport (argued), LaJolla, Cal., for respondent.

Before KEITH and MARTIN, Circuit Judges, and SPIEGEL *, District Judge.

KEITH, Circuit Judge.

This is an application by the petitioner, National Labor Relations Board (NLRB), seeking enforcement of its order that determined the respondent, Overseas Motor, Inc. (Overseas), had violated Section 8(a)(4) of the National Labor Relations Act by discriminating against one of its employees who had filed charges with the NLRB.

On September 12, 1980, Overseas Motors gave a raise to all of its employees. Miroljub Mitkovski, the highest paid mechanic employed by Overseas, received a sixty cents per hour raise while all other mechanics received a salary increase of $1.20 per hour. When asked for an explanation of his lesser wage increase, Sam Demrovsky, Mitkovski's supervisor and co-owner of

---

* Hon. S. Arthur Spiegel, United States District Judge for the Southern District of Ohio, sitting        by designation.

Overseas, responded that he wanted to equalize the mechanics' pay. Demrovsky further responded that the matter was already decided and "that is the way it is whether you like it or not." Mitkovski then replied that he felt he was being discriminated against and that he intended to file a complaint with the NLRB. Co-owner Andy Demrovsky responded, "you will be fired for that." Mitkovski replied that he did not see how he could be fired for filing a complaint. Andy or Sam Demrovsky responded, "Okay, you will not be fired but you won't get any jobs to make enough [of a] living, so you will fire yourself." Mitkovski sought and was granted approval to take time off to file charges.

After filing charges with the NLRB, several forms of disciplinary action were taken against Mitkovski. He was suspended for two days after returning to work from his visit to the NLRB to file charges. Mitkovski was later suspended for three days for tardiness after an agent from the NLRB called Sam Demrovsky to inform him that the Board had decided to issue a complaint on Mitkovski's charge. Mitkovski was finally discharged from employment when an agent from the NLRB visited Overseas and spoke to one of the Demrovskys about Mitkovski's charges.

The NLRB brought charges against Overseas Motors, Inc. which resulted in a hearing before an administrative law judge (ALJ). After the hearing, the ALJ found that Overseas had engaged in unfair labor practices by: (1) unlawfully threatening Mitkovski that he would not "get any jobs to make enough living so (he) would fire [himself]"; (2) unlawfully suspending Mitkovski for two days on September 15, 1980 and for three days on October 16, 1980; and (3) unlawfully discharging Mitkovski on October 23, 1980. The ALJ ordered, inter alia, that Overseas reinstate Mitkovski to his former position and make him whole for any loss of pay he may have suffered as a result of being unlawfully suspended and discharged.

This case was later appealed to the National Labor Relations Board (206 NLRB 105) who adopted the findings, decision and order of the ALJ. Overseas later filed a motion for reconsideration which was denied by the Board.

■ The NLRB's order is supported by substantial evidence and does not constitute an abuse of discretion. Therefore, the order is entitled to enforcement by this Court.

Respondent, Overseas, contends that the ALJ's decision is not supported by substantial evidence. We find this contention is without merit. The ALJ found that the NLRB General Counsel established a prima facie 8(a)(4) violation by showing that: (1) Overseas threatened that if Mitkovski complained to the NLRB he would not receive any desirable assignments; (2) Overseas suspended Mitkovski on September 15, 1980 and October 6, 1980 because he had filed charges with the NLRB; (3) Mitkovski was considered a good auto mechanic; and (4) Mitkovski was discharged shortly after the Board visited Overseas, after which visit, Demrovsky, an Overseas co-owner, remarked to Mitkovski that it was "better" for him to "look for another job" and that he "might not quit, but [he] might be fired tonight." This evidence was sufficient to establish a prima facie 8(a)(4) violation. *See Wright Line, a Division of Wright Line, Inc.,* 662 F.2d 899 (1st Cir.1981), *cert. denied,* 445 U.S. 989, 102 S.Ct. 1612, 71 L.Ed.2d 848 (1982).

Once the General Counsel establishes a prima facie 8(a)(4) violation by a preponderance of the evidence, the burden shifts to the employer to prove by a preponderance of the evidence that the employee would have been fired for permissible reasons even if he had not been involved in activity protected by the National Labor Relations Act (the Act). *See NLRB v. Transportation Management Corp.,* — U.S. —, 103 S.Ct. 2469, 76 L.Ed.2d 667 (1983). In the present case, Overseas failed to present sufficient evidence to successfully rebut the evidence presented by the General Counsel that the disciplinary action taken by Overseas against Mitkovski was done as a result of Mitkovski's filing charges with the NLRB.

The ALJ found that Overseas violated Section 8(a)(4) of the Act by threatening Mitkovski in Demrovsky's statement that he would not get enough jobs to make a living so he would, in effect, fire himself. Demrovsky, in an affidavit presented as evidence during the course of the hearing before the ALJ stated: "I recall that he was firing himself." The ALJ found this to be sufficient evidence to support a finding that this was a violation of Section 8(a)(4).

In support of its suspensions of Mitkovski, Overseas offered evidence that Mitkovski had violated its policies regarding punctuality. However, the ALJ found this evidence insufficient in light of an affidavit wherein Demrovsky explicitly stated that Mitkovski was suspended because he (Mitkovski) was going to file a complaint at the NLRB. Moreover, the ALJ permissibly found that the timing of these suspensions also lead to the conclusion that they were the result of Mitkovski's filing a complaint with the Board.

Finally, Overseas also presented insufficient evidence to support a finding that it did not violate 8(a)(4) of the Act by discharging Mitkovski from employment. It was alleged by Overseas that Mitkovski was discharged due to a poor driving record which jeopardized Overseas' insurance coverage. The NLRB's General Counsel, however, presented evidence which indicated that Overseas had long known of Mitkovski's poor driving record. In fact, there was evidence in the record which tended to show that Overseas had concealed Mitkovski's driving record from its insurance carrier. It was only after Mitkovski filed his charges with the NLRB that Overseas became "concerned" about his driving record. The ALJ found that this concern by Overseas was a pretext for Mitkovski's discharge from employment.

■ This Court's review of NLRB decisions is limited. We have previously held that the NLRB's inference of unlawful motivation in dismissing an employee is entitled to affirmance if it is supported by substantial evidence. The reviewing court may not displace the NLRB's choice between two conflicting views—even where the court could justifiably have made a different choice had there been a *de novo* review of the same matter. *NLRB v. Retail Store Employees,* 570 F.2d 586, 590 (6th Cir.1978).

For the reasons stated above, we find that substantial evidence on the record does support the Board's finding, and accordingly we uphold and enforce the Board's order.